IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUD SATCHEL LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C. A. No. 13-942-SLR |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| BARNES & NOBLE, INC., | ) |
| | ) |
| Defendant. | ) |

### BARNES & NOBLE INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Barnes & Noble, Inc. ("B&N"), through its counsel, hereby responds to the Complaint of Plaintiff and Counterclaim-Defendant Cloud Satchel LLC ("Cloud Satchel") as follows:

### NATURE OF THE ACTION

1. B&N admits that the Complaint purports to allege an action arising under the patent laws of the United States. B&N denies the merits of those allegations.

### THE PARTIES

2. Upon information and belief, B&N admits that Cloud Satchel is a limited liability company organized under the laws of the State of Delaware with its place of business at 1220 North Market Street, Suite 806, Wilmington, Delaware 19801.

3. B&N admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 122 Fifth Avenue, New York, NY 10011. B&N also admits that it can be served process through its Delaware Registered Agent, Capitol Services, Inc., 1675 S State St. Ste. B, Dover, DE 19901.

## JURISDICTION AND VENUE

4. B&N admits that the Complaint purports to allege an action arising under the patent laws of the United States. B&N denies the merits of those allegations.

5. B&N admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States. B&N denies the merits of Cloud Satchel's claims against B&N.

6. B&N states that it does not contest personal jurisdiction in this action. B&N admits that it is incorporated in Delaware. B&N admits that the Complaint purports to allege an action arising under the patents laws of the United States. B&N denies the merits of those allegations. The remaining allegations in paragraph 6 allege legal conclusions as to which no response is required. To the extent a response is required, B&N denies the same.

7. B&N states that it does not contest that venue is proper in this district. B&N denies the remaining allegations in paragraph 7.

## COUNT I - ALLEGED INFRINGEMENT OF U.S. PATENT No. 5,862,321

8. B&N restates and incorporates by reference its responses to paragraphs 1-7, as if fully set forth herein.

9. B&N admits that U.S. Patent No. 5,862,321 ("the '321 patent"), entitled "System and Method for Accessing And Distributing Electronic Documents," was issued by the United States Patent and Trademark Office on January 19, 1999, and that a copy is attached to the Complaint as Exhibit A. B&N denies the remaining allegations in paragraph 9.

10. B&N is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies them.

11. B&N admits that it has sold NOOK HD+, NOOK HD, NOOK Tablet, NOOK Color, Nook Simple Touch, and NOOK 1st Edition devices but denies the remaining allegations in paragraph 11, including denying that any NOOK device infringes any asserted claim of the '321 patent.

12. After a reasonable inquiry, B&N has no record of having received a May 10, 2013 letter sent by Federal Express by Cloud Satchel. B&N denies the remaining allegations of paragraph 12.

13. B&N denies the allegations of paragraph 13.

14. B&N denies the allegations in paragraph 14.

15. B&N denies the allegations of paragraph 15.

16. B&N denies that it infringes the '321 patent, directly or indirectly. The remaining allegations contained in paragraph 16 allege legal conclusions, or ask for privileged information, to which no response is required, therefore B&N denies the same.

## COUNT II - ALLEGED INFRINGEMENT OF U.S. PATENT No. 6,144,997

17. B&N restates and incorporates by reference its responses to paragraphs 1-16, as if fully set forth herein.

18. B&N admits that U.S. Patent No. 6,144,997 ("the '997 patent"), entitled "System and Method for Accessing And Distributing Electronic Documents," was issued by the United States Patent and Trademark Office on November 7, 2000, and that a copy is attached to the Complaint as Exhibit B. B&N denies the remaining allegations in paragraph 18.

19. B&N is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore denies them.

20. B&N admits that it has sold NOOK HD+, NOOK HD, NOOK Tablet, NOOK Color, Nook Simple Touch, and NOOK 1st Edition devices but denies the remaining allegations in paragraph 20, including denying that any NOOK device infringes any asserted claim of the '997 patent.

21. After a reasonable inquiry, B&N has no record of having received a May 10, 2013 letter sent by Federal Express by Cloud Satchel. B&N denies the remaining allegations of paragraph 21.

22. B&N denies the allegations of paragraph 22.

23. B&N denies the allegations in paragraph 23.

24. B&N denies the allegations of paragraph 24.

25. B&N denies that it infringes the '997 patent, directly or indirectly. The remaining allegations contained in paragraph 25 allege legal conclusions, or ask for privileged information, to which no response is required, therefore B&N denies the same.

### JURY DEMAND

B&N requests a trial by jury pursuant to Fed. R. Civ. P. 38 on all issues so triable.

### PRAYER FOR RELIEF

B&N denies that Cloud Satchel is entitled to any of the requested relief and denies any allegations in its prayer for relief.

### AFFIRMATIVE DEFENSES

B&N alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that it would not otherwise have. In addition to the affirmative defenses described below and subject to its responses above, B&N specifically reserves all rights

to allege additional defenses, affirmative or otherwise, that become known through the course of discovery:

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted, including, but not limited to, because Cloud Satchel's Complaint fails to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007).

### SECOND AFFIRMATIVE DEFENSE
### Invalidity

The claims of the patents-in-suit are invalid under 35 U.S.C. § 101 et seq., including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### Non-Infringement

B&N does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any valid claim of the patents-in-suit.

### FOURTH AFFIRMATIVE DEFENSE
### Waiver, Acquiescence and/or Consent

Cloud Satchel is barred from relief, in whole or in part, under the doctrines of waiver, acquiescence and/or consent.

### FIFTH AFFIRMATIVE DEFENSE
### Laches

Cloud Satchel is barred from relief, in whole or in part, under the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### Estoppel

Cloud Satchel is barred from relief, in whole or in part, under the doctrines of equitable estoppel and/or prosecution history estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### Unclean Hands

Cloud Satchel is barred from relief, in whole or in part, by unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### Bar to Damages

Cloud Satchel's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation) and 35 U.S.C. § 287 (marking).

### NINTH AFFIRMATIVE DEFENSE
### No Injunctive Relief

Cloud Satchel is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and no irreparable injury.

### TENTH AFFIRMATIVE DEFENSE
### Mitigation of Damages

Cloud Satchel is barred from relief, in whole or in part, by its failure to mitigate damages, if any, with respect to its infringement allegations against B&N.

### ELEVENTH AFFIRMATIVE DEFENSE
### Lack of Intent

B&N is not liable for acts alleged to have been taken by B&N before it knew that its actions would allegedly cause infringement, either by contributing to it or inducing such infringement. Further, B&N lacks any specific intent to infringe any claims of the '321 patent and/or the '997 patent, thus barring claims of indirect infringement.

## TWELFTH AFFIRMATIVE DEFENSE
### Reservation of Defenses

B&N reserves all affirmative defenses under Fed. R. Civ., P. 8(c), the patent laws, and any other defenses available at law or in equity, that may not or in the future be available based on discovery or any other factual investigation concerning this action.

## COUNTERCLAIMS

Barnes & Noble, Inc. ("B&N"), by and through undersigned counsel, and pursuant to Rule 13 of the Federal Rules of Civil Procedure, for its counterclaims against Cloud Satchel, Inc. ("Cloud Satchel") alleges as follows:

## THE PARTIES

1. B&N is a corporation organized under the laws of the State of Delaware with its principal place of business at 122 Fifth Avenue, New York, NY 10011.

2. Upon information and belief, Cloud Satchel purports to be a limited liability company organized under the laws of the State of Delaware with its place of business at 1220 North Market Street, Suite 806, Wilmington, Delaware 19801. Cloud Satchel purports to own the '321 and '997 patents.

## JURISDICTION AND VENUE

3. Subject to B&N's affirmative defenses and denials, B&N alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this district.

4. This Court has personal jurisdiction over Cloud Satchel because, inter alia, it has submitted to the jurisdiction of this Court by bringing the present action.

## BACKGROUND

5. In its Complaint for patent infringement, Cloud Satchel asserts that B&N has infringed the '321 and '997 patents. B&N denies Cloud Satchel's allegations of infringement and further denies that the '321 and '997 patents are valid. Consequently, there is an actual case or controversy between the parties over the non-infringement and/or invalidity of the '321 and '997 patents.

## COUNT I
## NON-INFRINGEMENT OF U.S. PATENT NO. 5,862,321

6. B&N repeats and realleges each and every allegation contained in paragraphs 1-5 of its Counterclaims as though fully set forth herein.

7. B&N does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any claim of the '321 patent.

8. An actual and justiciable controversy exists with respect to Cloud Satchel's allegations that B&N has infringed the '321 patent, whether directly or indirectly.

9. B&N is entitled to a juridical declaration that it does not infringe any claim of the '321 patent.

## COUNT II
## INVALIDITY OF U.S. PATENT NO. 5,862,321

10. B&N repeats and realleges each and every allegation contained in paragraphs 1-9 of its Counterclaims as though fully set forth herein.

11. The claims of the '321 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

12. An actual and justiciable controversy exists with respect to the invalidity of the claims of the '321 patent.

13. B&N is entitled to a judicial declaration that the '321 patent is invalid.

## COUNT III
### NON-INFRINGEMENT OF U.S. PATENT NO. 6,144,997

14. B&N repeats and realleges each and every allegation contained in paragraphs 1-13 of its Counterclaims as though fully set forth herein.

15. B&N does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any claim of the '997 patent.

16. An actual and justiciable controversy exists with respect to Cloud Satchel's allegations that B&N has infringed the '997 patent, whether directly or indirectly.

17. B&N is entitled to a juridical declaration that it does not infringe any claim of the '997 patent.

## COUNT IV
### INVALIDITY OF U.S. PATENT NO. 6,144,997

18. B&N repeats and realleges each and every allegation contained in paragraphs 1-17 of its Counterclaims as though fully set forth herein.

19. The claims of the '997 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

20. An actual and justiciable controversy exists with respect to the invalidity of the claims of the '997 patent.

21. B&N is entitled to a judicial declaration that the '997 patent is invalid.

## DEMAND FOR A JURY TRIAL

Counterclaim-Plaintiff demands a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, B&N prays for judgment as follows:

a) A judgment in favor of B&N denying Cloud Satchel all relief requested in its Complaint in this action and dismissing Cloud Satchel's Complaint for patent infringement with prejudice;

b) A judgment in favor of B&N on all of its Counterclaims;

c) A declaration that B&N has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '321 patent;

d) A declaration that the '321 patent is invalid;

e) A declaration that B&N has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '997 patent;

f) A declaration that the '997 patent is invalid;;

g) A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to B&N of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

h) Such other and further relief as this Court deems just and proper.

                                  POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Matthew M. Wolf
Ali R. Sharifahmadian
John E. Nilsson
Seth I. Heller
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5000

Dated: July 29, 2013
1116894

By: /s/ *Philip A. Rovner*
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE  19899
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorneys for Defendant*
*Barnes & Noble, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on July 29, 2013, the within document was filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 29, 2013, the within document was electronically mailed to the following persons:

**BY E-MAIL**

Stamatios Stamoulis, Esq.
Richard C. Weinblatt, Esq.
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Stamoulis@swdelaw.com
Weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*Cloud Satchel, LLC*

Darlene Ghavimi, Esq.
Farney Daniels PC
1220 North Market Street, Suite 850
Wilmington, DE 19806
dghavimi@farneydaniels.com

*Co-counsel for Plaintiff*
*Cloud Satchel, LLC*

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com