**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLOUD SATCHEL LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC,<br><br>        Defendant. | Civil Action No. 1:13-cv-00941-SLR<br><br>JURY TRIAL DEMANDED |
| CLOUD SATCHEL LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>BARNES & NOBLE, INC.,<br><br>        Defendant. | Civil Action No. 1:13-cv-00942-SLR<br><br>JURY TRIAL DEMANDED |
| CLOUD SATCHEL LLC,<br><br>        Plaintiff,<br><br>v.<br><br>SONY ELECTRONICS, INC.<br><br>        Defendant. | Civil Action No. 1:13-cv-01381-SLR<br><br>JURY TRIAL DEMANDED |

**<u>JOINT PROPOSED RULE 16 ORDER</u>**

At Wilmington this ___ day of November 2013, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

    1.    **Pre-Discovery Disclosures.**

(a) The parties will exchange by **December 5, 2013** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2. The parties shall make their Paragraph 3 disclosures pursuant to the Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (*see* Clerk's Office, Local Rules and Standing Orders, Default Standard for Discovery, including Discovery of Electronically Stored Information ("ESI") (the "Default Standard")) by **December 5, 2013**.

(b) <u>Initial Discovery in Patent Litigation</u>: Regarding the Initial Discovery in Patent Litigation of Paragraph 4 of the Default Standard, the parties agree that:

    (1) By **December 5, 2013**, Plaintiff will specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each patent.

    (2) By **January 17, 2014**, each Defendant shall produce to the Plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

    (3) By **February 18, 2014**, Plaintiff will produce to each Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

    (4) By **March 20, 2014**, each Defendant shall produce to the Plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

2. This Court shall conduct an in-person status conference on **February 5, 2014** at **4:30pm**, after the plaintiff has identified the accused products and the defendants have produced the corresponding core technical documents. This Court may conduct follow-up conferences as needed.

3. **Discovery.**

a. The issues of willfulness and damages shall be bifurcated from liability for purposes of discovery and trial.

b. Discovery may be needed on the following subjects: conception; development; reduction to practice; prior art; inventorship; ownership; patent prosecution; claim construction; infringement; non-infringement; validity; invalidity; inducement; contributory infringement; licensing; the prosecution of the applications issuing as the asserted patents and related applications; and all affirmative defenses and counterclaims asserted in the answers to the Amended Complaint and the answers to Counterclaims.

c. All fact discovery shall be commenced in time to be completed by **November 7, 2014.** The parties agree to the following discovery limits:

(1) The Defendants shall be permitted to serve **10 common interrogatories** (which shall be captioned in the same manner as this pleading), to which Plaintiff need only serve a single response (which also shall be captioned in the same manner as this pleading) that may be used by each Defendant in each case. Defendants shall also be permitted to serve an additional **15 interrogatories** per case. Likewise, the Plaintiff shall be permitted to serve **10 common interrogatories** (which shall be captioned in the same manner as this pleading), to which each Defendants shall serve separate or joint responses as appropriate. Plaintiff shall also be permitted to serve an additional **15 interrogatories** per case.

(2) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Maximum of **50 requests for admission** by each party to any other party, except that there shall be no limit on the number of requests for admission relating to eliminating evidentiary issues for trial (e.g., authentication of documents).

(4) Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before **September 22, 2014.** Absent an agreement or court order otherwise, the parties shall be governed by the Federal Circuit's Model Order Regarding E-Discovery in Patent Cases.

(5) **[Plaintiff proposes]** Maximum of **100 hours** of fact deposition per case by Plaintiff and **100 hours** of fact depositions per case by Defendants. The Defendants shall coordinate depositions to avoid the need for multiple depositions of the inventors and of the Plaintiff. Except for 30(b)(6) depositions, each fact deposition shall be limited to a maximum of seven (7) hours unless extended by agreement of the parties.

**[Defendants propose]** Maximum 10 fact depositions for each side in each case, including the depositions of any witnesses designated on topics for purposes of Rule 30(b)(6). The Defendants shall coordinate depositions to avoid the need for multiple depositions of the inventors and of the Plaintiff. Where the Defendants jointly notice the deposition of a witness represented by Plaintiff's counsel, the Plaintiff agrees to extend as

necessary and reasonable any time limits for the deposition as imposed by the Federal Rules. Inventor depositions will have a time limit of fourteen (14) hours. All other depositions shall be limited to a maximum of seven (7) hours unless extended by agreement of the parties.

(6) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(7) Plaintiff shall notify Defendants of whether the inventors will appear for voluntary depositions by **December 15, 2013**. If any party seeks letters rogatory pursuant to the Hague Convention for a witness by **January 15, 2013** and such deposition has not taken place prior to the close of fact discovery, then Defendants may seek a reasonable extension of the deadline from the Court.

d. Expert discovery shall be commenced in time to be completed by **April 17, 2015**.

(1) Expert reports on issues for which the parties have the burden of proof are due **January 16, 2015**. Rebuttal expert reports are due **February 20, 2015**. Supplemental reports on secondary considerations of nonobviousness are due **March 13, 2015**.

(2) **[Plaintiff proposes]** With respect to time limits for expert depositions, depositions of expert witnesses shall be limited to a maximum of seven (7) hours per report, subject to the following exceptions. All *Daubert* motions shall be filed on or before **March 20, 2015**.

**[Defendants propose]** With respect to time limits for expert depositions, depositions of expert witnesses in each case shall be limited to a maximum of ten

hours per expert, unless extended by agreement of the parties, or upon a showing of good cause. All *Daubert* motions shall be filed on or before **March 20, 2015**.

  e. The parties will supplement their discovery periodically in accordance with Fed. R. Civ. P. 26(e).

  f. **Discovery Disputes.**

   (1) The court shall conduct an in-person discovery / status conference on **September 17, 2014** at **4:30 p.m.**, the time to be allotted equally among the parties. The number and length of depositions and expert depositions shall be discussed at this conference. No motions to compel or for protective order shall be filed absent prior approval of the court.

   (2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition.

  g. **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to **twenty (20) hours** per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

 4. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **August 22, 2014**.

5. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate[1] for the purposes of exploring ADR. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement.

6. **Claim Construction Issue Identification.** If the Court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction on **August 1, 2014** and their proposed claim construction of those terms on **August 15, 2014**. This document will not be filed with the Court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 8 below.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **September 1, 2014** with the claim chart separately docketed. Plaintiff shall serve and file its opening claim construction brief on or before **October 15, 2014**. Defendants shall serve and file their answering claim construction briefs on or before **November 14, 2014.** Plaintiff shall serve and file its reply brief on or before **December 1, 2014**. Defendants shall serve and file their surreply briefs on or before **December 15, 2014.**

---

[1] The Court may also refer ADR to a Special Master.

8. **Summary Judgment Motions.**

    a. All summary judgment motions shall be served and filed on or before **July 1, 2015**. No summary judgment motion **may** be filed more than ten (10) days from the above date without leave of the Court.

    b. Opening briefs on **infringement** and invalidity shall be served and filed on or before **July 1, 2015**.

    c. Opening briefs or **combined** opening-answering briefs on noninfringement and validity shall be served and filed on or before **July 29, 2015**.

    d. Where cross-motions are not presented, answering and reply briefs shall be due **within 28 days after the filing of the opening brief and reply briefs shall be due within 14 days after the filing of the answering brief**.

    e. Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

    f. The hearing on the claim construction and motion(s) for summary judgment will be heard on **October 2, 2015** at **9:30am**.

9. **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. The Court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the Court.

    a. Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

    b. No telephone calls shall be made to chambers.

    c. Any party with an emergency matter requiring the assistance of the Court shall email chambers utilizing the "Email Request for Emergency Relief" and "Opposing

Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

10. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

11. **Pretrial Conference.** A pretrial conference shall be conducted on **December 16, 2015** at **4:30pm** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

12. **Trial.** These cases are scheduled for a series of jury trials, the first of which will commence on **January 11, 2016** in Courtroom 4B, Fourth Floor, Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge