IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUD SATCHEL LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC,<br><br>    Defendant. | Civil Action No. 13-941-SLR<br><br>JURY TRIAL DEMANDED |
| CLOUD SATCHEL LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>BARNES & NOBLE, INC.,<br><br>    Defendant. | Civil Action No. 13-942-SLR<br><br>JURY TRIAL DEMANDED |
| CLOUD SATCHEL LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>SONY ELECTRONICS, INC.<br><br>    Defendant. | Civil Action No. 13-1381-SLR<br><br>JURY TRIAL DEMANDED |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS, TO OBTAIN EVIDENCE FROM MICHAEL J. FLYNN**

In conformity with Article 3 of The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), the undersigned applicant has the honor to submit this request on behalf of Amazon.com, Inc. ("Amazon"), Barnes & Noble, Inc. ("B&N"), and Sony Electronics Inc. ("Sony") (collectively "Requestors") in the above-titled actions (the "U.S. Actions").

The United States District Court for the District of Delaware presents its compliments to the Senior Master of the Queen's Bench Division, High Court of Justice of England and Wales, and requests international judicial assistance to obtain evidence from Michael J. Flynn ("Mr. Flynn") to be used in civil proceedings before this Court in the U.S. Actions.

The evidence the Requestors seek is intended for use at trial, and in the view of this Court, will be relevant to numerous claims and defenses in the U.S. Actions. The U.S. Actions involve the Requestors' claims and defenses that United States Patent Nos. 5,862,321 (the "'321 Patent") and 6,144,997 (the "'997 Patent") (and together the "Patents-in-Suit"), of which Mr. Flynn is one of two listed inventors, are invalid and not infringed.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is for the appropriate judicial authority of the United Kingdom to compel the appearance of Mr. Flynn to give oral testimony, and to produce documents relevant to the Requestors' claims, counterclaims and defenses in this matter. The requested evidence is intended for use at trial.

1. **Sender:**

    The Honorable Sue L. Robinson
    The United States District Court for the District of Delaware
    844 North King Street
    Wilmington, Delaware 19801
    UNITED STATES OF AMERICA

2. **Central Authority of England**

    The Senior Master
    Queen's Bench Division
    Royal Courts of Justice
    Strand, London WC2A 2LL
    THE UNITED KINGDOM

3. **Persons to whom the executed request is to be returned:**

   Ian Kirby
   Arnold & Porter (UK) LLP
   Tower 42
   25 Old Broad Street
   London EC2N 1HQ
   UNITED KINGDOM

4. **In conformity with Article 3 of the Hague Evidence Convention, the undersigned applicant has the honor to submit the following request:**

   a. **Requesting judicial authority:**

   The Honorable Sue L. Robinson
   The United States District Court for the District of Delaware
   844 North King Street
   Wilmington, Delaware 19801
   UNITED STATES OF AMERICA

   b. **To the competent authority of:**

   England and Wales

   c. **Names of the cases and identifying numbers:**

   *Cloud Satchel, LLC, v. Amazon.com, Inc.*, C.A. No. 13-941-SLR, United States District Court for the District of Delaware (the "13-941 Action").

   *Cloud Satchel, LLC, v. Barnes & Noble, Inc.*, C.A. No. 13-942-SLR, United States District Court for the District of Delaware (the "13-942 Action").

   *Cloud Satchel, LLC, v. Sony Electronics, Inc.*, C.A. No. 13-1381-SLR, United States District Court for the District of Delaware (the "13-1381 Action")

5. **Names and addresses of the parties and their representatives:**

   a. **Cloud Satchel, LLC**

   Cloud Satchel LLC
   1220 North Market Street
   Suite 806
   Wilmington DE 19801

Representatives:

Darlene Ghavimi,
FARNEY DANIELS PC
1220 North Market Street
Suite 850
Wilmington, DE 19801
Tel: (512) 582-2828

David Swenson
Anthony Beasley
FARNEY DANIELS PC
Butler Square
100 North 6th Street
Suite 445A
Minneapolis, MN 55403
Tel: (612) 424-9220

Stamatios Stamoulis
Richard C. Weinblatt
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Tel: (302) 999-1540

 **b.**   **Amazon.com, Inc.**

Amazon.com, Inc.
410 Terry Avenue North
Seattle, WA 98109-5210

Representatives:

Adam K. Mortara
Abby M. Mollen
Sharon R. Yecies
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60654
Tel: (312) 494-4400

Steven J. Balick
Lauren E. Maguire
Andrew C. Mayo
ASHBY & GEDDES

500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888

**c.** **Barnes & Noble, Inc.**

Barnes & Noble, Inc.
122 Fifth Avenue
New York, NY 10011

Representatives:

Matthew M. Wolf
Ali R. Sharifahmadian
John E. Nilsson
Seth I. Heller
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
Tel: (202) 942-5000

Philip A. Rovner
Jonathan A. Choa
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000

Counsel in England:

Ian Kirby
ARNOLD & PORTER (UK) LLP
Tower 42
25 Old Broad Street
London EC2N 1HQ
Tel: +44 (0)20 7786 6100

**d.** **Sony Electronics Inc.**

Sony Electronics Inc.
16530 Via Esprillo
San Diego, CA 92127

Representatives:

Gregory S. Gewirtz
Alexander Solo
LERNER, DAVID, LITTENBERG, KRUMHOLZ, & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07016
Tel: (908) 654-5000

Kenneth L. Dorsney
MORRIS JAMES LLP
300 Delaware Avenue, Ste. 1500
Wilmington, Delaware 19801
Tel: (302) 888-6800

6. **Nature and Summary of the proceedings**

The U.S. Actions are civil lawsuits involving allegations of patent infringement under the United States federal patent laws, 35 U.S.C. §§ 1, *et seq*. The U.S. Actions involve the same two (2) Patents-in-Suit; and ultimately depend on the validity of the Patents-in-Suit and, if valid under United States law, whether the Requestors infringe the Patents-in-Suit.

Cloud Satchel, LLC ("Cloud Satchel") first filed suit against Amazon and B&N on May 24, 2013 (the 13-941 Action and 13-942 Action). On August 2, 2013, Cloud Satchel also filed suit against Sony (the 13-1381 Action). Each action alleged infringement of the Patents-in-Suit (the '321 Patent and the '997 Patent"). In their individual answers, the Requestors asserted defenses and counterclaims that they do not infringe the Patents-in-Suit, and that the Patents-in-Suit are invalid for failure to satisfy the conditions and requirements of patentability under United States patent law.

The Patents-in-Suit share a virtually identical specification and are directed at the same technology, which is reflected in their title: "A System and Method For Accessing And Distributing Electronic Documents." The Abstract of the Patents-in-Suit are identical and provide a summary of the subject matter asserted against the Requestors:

6

> A system including any number of workstations, file servers, printers and other fixed devices couples in a network, and a number of portable devices carried by users and coupled to the network by infrared (IR) link. Each portable device emulates its user's personal satchel for documents: the device is programmed to receive transmit and store document references or tokens, each of which is associated with an electronic document stored in the database. Documents are distributed from one person to another by transmission of document references or tokens, and a document is sent to a printer by beaming that document's reference or token to an IR transceiver associated with that printer. The portable device is preferably a handheld or wristwatch computer with a graphical display for enabling the user to transfer documents, and the fixed devices preferably include a scanner/copier/printer having its own IR transceiver.

Copies of the Patents-in-Suit are attached as Exhibits 1 and 2.

### 7. Summary of Request

#### a. Evidence to be obtained:

The Requestors seek oral testimony and documents from Mr. Flynn for use at trial to support their claims and defenses against Cloud Satchel. Specifically, the Requestors expect that Mr. Flynn, as one of the two named inventors on the Patents-in-Suit, is in unique possession of evidence relevant to Requestors' allegations that the Patents-in-Suit are invalid and not infringed. Appendix A sets forth the topics of oral testimony sought from Mr. Flynn.

#### b. The evidence is sought for use at trial:

This Court understands that the powers of the English High Court of Justice to assist this Court's efforts to obtain evidence in the United Kingdom are listed in Section 2 of the Evidence (Proceedings in Other Jurisdictions) Act 1975, and that such assistance may not be provided, *inter alia*, when the evidence is sought to be used for pre-trial purposes leading to further inquiries which might produce direct evidence for trial. This Court finds that the evidence requested is not being sought for mere pre-trial discovery, or a "fishing expedition," but is rather being sought to be used as proof in the actual trial in these proceedings.

### c. Purpose of the evidence sought:

As one of the two named inventors on the Patents-in-Suit, Mr. Flynn purportedly conceived of the subject matter claimed and/or described therein. In addition, according to the face of the Patents-in-Suit, both patents claim priority to two patent applications filed in the United Kingdom, GB9412871 (filed June 27, 1994) and GB9425184 (filed December 12, 1994). The Requestors understand that Mr. Flynn, at times relevant to this action, was employed at Xerox Corporation (the first assignee of the Patents-in-Suit) and worked on the inventions claimed in both patents.

Mr. Flynn's testimony and documents will be relevant to the Requestors' defenses and counterclaims against Cloud Satchel. The requested evidence will be particularly relevant, for example, to the Requestors' defenses and counterclaims that the Patents-in-Suit are invalid for failure to comply with the conditions and requirements for patentability under United States patent law. The requested evidence may also be relevant in determining the scope of the inventions claimed in the Patents-in-Suit, which is important for determining whether the Requestors' products and services infringe the Patents-in-Suit under United States patent law.

Requestors specifically expect that Mr. Flynn will provide critical testimony as to his understanding of his invention(s), including the field of invention, the problem he was trying to solve, his conception and reduction to practice of the invention(s), the description of his invention in the Patents-in-Suit, the claims of the Patents-in-Suit, and the prior art relevant to his invention. While the Requestors also intend to depose Mr. Michael Lamming, the other named inventor on the Patents-in-Suit, Mr. Flynn's testimony is unique to his contribution to the claimed invention(s) and cannot be obtained from Mr. Lamming or any other source.

8

8.  **Identity and address of the person to be examined**

    Michael J. Flynn
    62 Old School Lane
    Milton, Cambridge
    CB4 6BS England

9.  **Statement of the subject matter about which the above-identified person will be examined:**

    It is requested that Mr. Flynn be questioned by counsel for the Requestors, or by the appropriate person appointed by the High Court in England, with respect to the topics set forth in Appendix A.

10. **Documents and other property to be inspected:**

    This Court requests that Mr. Flynn produce the following documents (including electronic documents) which are in his possession, custody, or power:

    a.  Notes or records of the conception, reduction to practice, or work in development of the invention of the Patents-in-Suit.

    b.  Records of Mr. Flynn's role in and knowledge of the preparation, filing, or prosecution of patent applications related to the invention of the Patents-in-Suit.

    c.  Records, manuals, data sheets or other descriptions of any embodiments or implementations for practicing the invention of the Patents-in-Suit, including the best mode for practicing the invention(s).

    d.  Records of the first public use of the invention(s) of the Patents-in-Suit.

11. **Any requirement that the evidence be given on oath or affirmation and any special form to be used:**

    This Court respectfully requests that Mr. Flynn testify under oath or affirmation. In the event that Mr. Flynn cannot testify under oath or affirmation, it is requested that he answer questions in such manner as would be required at an English trial, including those provisions intended to ensure the veracity of oral testimony.

9

**12. Special methods or procedure to be followed:**

a. This Court requests that the deposition shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the law of England and Wales.

b. It is respectfully requested that counsel for the Requestors and Cloud Satchel be permitted to attend and conduct the examination of the witness. Each of the counsel for the Requestors and Cloud Satchel shall conduct the examination of Mr. Flynn separately, consecutively and in the presence of the other parties' counsel.

c. It is respectfully requested that each party's United States counsel be permitted to conduct the examination. Ian Kirby, English counsel for B&N, will assist in the process of securing this deposition, and will be present at the deposition

d. Mr. Flynn shall be permitted to be represented by his own counsel at the deposition. At the deposition, Mr. Flynn shall be allowed to take legal advice in order to prevent the disclosure of privileged information and to claim privileges under both the laws of the United States and those of the United Kingdom.

e. It is respectfully requested that the documents of which production is sought be produced by Mr. Flynn no later than seven days prior to the deposition, and that copies be provided to:

Ian Kirby
ARNOLD & PORTER (UK) LLP
Tower 42
25 Old Broad Street
London EC2N 1HQ
UNITED KINGDOM

f. It is requested that the testimony of the witness be videotaped and recorded verbatim in writing, and that a videographer and a stenographer licensed in the United States as

10

a court reporter be permitted to attend the deposition in order to record the testimony.

g. This Court requests that the deposition be allowed to continue until completed, except that the deposition shall not exceed seven hours per day, and shall not exceed a total of fourteen hours.

13. **Request for notification of the time and place of execution of the Request and identity and address of any person to be notified:**

   a. **Time and Place**

   It is requested that the deposition be taken as soon as can practicably be arranged, and continuing day by day until completed. It is requested that the deposition be conducted at the office of Arnold & Porter, LLP, or at a location mutually agreed upon by the parties and the witness.

   b. **Persons to be notified**

   It is respectfully requested that the witness, and the counsel listed below be notified of the date, time and place of the deposition as soon as convenient. If possible, it is requested that notice be furnished to the witness and counsel at least thirty days prior to the deposition.

   Ian Kirby
   ARNOLD & PORTER (UK) LLP
   Tower 42
   25 Old Broad Street
   London EC2N 1HQ
   UNITED KINGDOM
   Tel: +44 (0)20 7786 6100
   Fax: +44 (0)20 7786 6299
   email: Ian.Kirby@aporter.com

   Adam K. Mortara
   BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
   54 West Hubbard Street, Suite 300
   Chicago, Illinois 60654
   UNITED STATES OF AMERICA
   Tel: (312) 494-4400
   Fax: (312) 494-4440
   email: Adam.Mortara@bartlit-beck.com

11

Gregory S. Gewirtz
LERNER, DAVID, LITTENBERG, KRUMHOLZ, & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07016
UNITED STATES OF AMERICA
Tel: (908) 654-5000
Fax: (908) 654-7866
email: GGewirtz@ldlkm.com

**14. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:**

No attendance of judicial personnel is requested. This Court understands that under the laws of England and Wales, the deposition will be conducted in the presence of an examiner or appropriate judicial officer.

**15. Specification of privilege or duty to refuse to give evidence under the law of the United States:**

All claims of privilege or duty to refuse to give evidence shall be governed by Section 3 of the Evidence (Proceedings in Other Jurisdictions) Act 1975. The privileges to refuse to give evidence under United States law shall apply.

The parties to the U.S. Actions have agreed, and this Court has ordered, that any confidential material produced or disclosed by the parties or any third parties will be kept confidential, according to Local Rules[1] of the Court and/or any protective order entered in the case.

**16. Fees and costs:**

The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Hague Evidence Convention shall be borne by the parties.

---

[1] Local Rule 26.2 of the U.S. District Court for the District of Delaware requires that all confidential information produced before the parties have stipulated to a confidentiality agreement shall be disclosed only to the members and employees of the receiving party's trial counsel.

12

## Conclusion

This Court expresses its appreciation for the assistance and courtesy of the courts of the United Kingdom in this matter, and states that it shall be ready and willing to assist the courts of the United Kingdom in a similar manner when required.

DATE: 1/27/14

Signature and Seal of the Requesting Authority

_____
The Honorable Sue L. Robinson
United States District Judge
United States District Court for the District of Delaware

1136162

# APPENDIX A: TOPICS FOR THE DEPOSITION OF MICHAEL FLYNN

It is respectfully requested that Mr. Flynn be compelled to testify, under oath or affirmation, on the following topics for use at trial:

**Topic 1.**

Relevant biographical information, including post-secondary education, relevant work experience, and employment at Xerox.

**Topic 2.**

The field of the invention (the "field") of the Patents-in-Suit and Mr. Flynn's knowledge of prior art[2] relating to the Patents-in-Suit.

**Topic 3.**

Mr. Flynn's understanding of the level of skill and knowledge that a person of ordinary skill in the field would have had during the time of work on the invention of the Patents-in-Suit (the "invention").

**Topic 4.**

The technology employed in the field, including by Xerox, before and during the time of work on the invention.

---

[2] The term "prior art" refers to all publications, patents, physical devices, prototypes, products, manufactures, uses, sales, offers for sale, imports, or other activities concerning the subject matter of the Patents-in-Suit, existing on or occurring at a date such as to be relevant to a determination of the novelty or obviousness of the Patents-in-Suit under United States patent law.

14

**Topic 5.**

The problem that the invention was attempting to solve.

**Topic 6.**

The conception, reduction to practice, and work in development of the invention.

**Topic 7.**

Mr. Flynn's role in and knowledge of the preparation, filing, or prosecution of patent applications related to the invention, including applications for patents filed outside of the United States.

**Topic 8.**

Mr. Flynn's understanding of the claims and specification of the Patents-in-Suit.

**Topic 9.**

Mr. Flynn's understanding of how the Patents-in-Suit enables a person of ordinary skill in the field to make or use the invention.

**Topic 10.**

Mr. Flynn's understanding of any embodiments or implementations for practicing the invention, including his best mode for practicing the invention.

**Topic 11.**

Mr. Flynn's knowledge of the first public use or sale of the invention.