IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLOUD SATCHEL LLC, | ) | |
| | ) | Civil Action No. 13-941-SLR |
| Plaintiff, | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| AMAZON.COM, INC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| | ) | |
| CLOUD SATCHEL LLC, | ) | Civil Action No. 13-942-SLR |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| BARNES & NOBLE, INC., | ) | |
| | ) | |
| Defendant. | | |

| | | |
|---|---|---|
| | ) | |
| CLOUD SATCHEL LLC, | ) | Civil Action No. 13-1381-SLR |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| SONY ELECTRONICS, INC., | ) | |
| | ) | |
| Defendant. | | |

## PROPOSED PATENT CASE MANAGEMENT ORDER

At Wilmington this _____ day of April, 2014, the parties having satisfied their obligations under Fed. R. Civ. P. 26 as described in the court's order for a scheduling conference; and the court having conducted its case management conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1. **Fact Discovery.**

   (a) All fact discovery shall be commenced in time to be completed by December 19, 2014.

   (b) **Management.** Consistent with this order and the court's order for a scheduling conference, all discovery disputes, and the overall management of discovery, are referred to a Magistrate Judge, pursuant to 28 U.S.C. § 636.

   (c) **Initial Disclosures.**[1] Absent agreement among the parties:

   (1) The parties already have exchanged the information identified at the Rule 26(f) conference.

   (2) On or before December 5, 2013, plaintiff identified the accused product(s)[2], the asserted patent(s), the accused product(s) allegedly infringed, and produced the file history for each asserted patent. Plaintiff shall provide its damages model by June 2, 2014.

   (3) On or before January 17, 2014, defendants produced to plaintiff the core technical documents related to the accused product(s) sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s) on or before July 2, 2014.

   (4) The parties agree that their initial exchanges have been meaningful and, therefore, there is no need for a status conference with the Magistrate Judge.

---

[1] The Court recognizes that the initial disclosure process contemplated herein has already taken place, in large measure, through the contents of the Paragraph IV letter in ANDA cases.
[2] Including accused methods and systems.

2

(5) On or before February 18, 2014, plaintiff produced an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(6) On or before April 4, 2014, defendants produced their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(d) **Document production.**

(1) Maximum of 120 requests for production by each party to any other party.

(2) Discovery of paper and electronic documents shall be completed on or before September 22, 2014. Absent an agreement or court order otherwise, the parties shall be governed by the Federal Circuit's Model Order Regarding E-Discovery in Patent Cases.

(e) **Depositions.**

(1) No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(2) The number of depositions (and any other issues related to depositions) shall be addressed by the Magistrate Judge no later than the completion of document production.

(f) **Written Discovery.**

(1) Defendants shall be permitted to serve **10 common interrogatories** (which shall be captioned in the same manner as this pleading), to which Plaintiff need only serve a single response (which shall also be captioned in the same manner as this pleading) that may be used by each Defendant in this case. Defendants shall also be permitted to serve an additional **15**

3

**interrogatories** per case. Likewise, the Plaintiff shall be permitted to serve **10 common interrogatories** (which shall be captioned in the same manner as this pleading), to which each Defendant shall serve separate or joint responses as appropriate. Plaintiff shall also be permitted to serve an additional **15 interrogatories per case**.

    (2)  Final infringement contentions[3] shall be due on or before August 22, 2014. In addition, Plaintiff may, within twenty-one (21) days after the Court's Claim Construction Decision, supplement its final infringement contentions to the extent necessary to conform those contentions to the Court's Claim Construction Decision.

    (3)  Final invalidity contentions shall be due on or before September 22, 2014. In addition, Defendants may, within twenty-one (21) days after any post-claim construction supplementation of Plaintiff's final infringement contentions as provided for in Paragraph 1(f)(2) above, supplement their final invalidity contentions to the extent necessary to conform those contentions to the Court's Claim Construction Decision.

    (4)  Maximum of 50 requests for admission by each party to any other party, except that there shall be no limit on the number of requests for admission relating to eliminating evidentiary issues for trial (*e.g.*, authentication of documents).

  (g)  **Supplementation.** No later than February 13, 2015, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

2.  **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and/or to amend pleadings shall be filed on or before August 22, 2014.

---

[3] The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

3. **Willfulness.** If willfulness has been asserted, defendant must inform plaintiff that it intends to rely on the opinion of counsel no later than October 7, 2014.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[4] for the purposes of exploring ADR.

5. **Claim Construction.**[5]

    (a) The parties shall exchange lists of those claim terms in need of construction on or before July 1, 2014. The parties shall exchange proposed constructions for those claim terms on or before July 15, 2014.

    (b) The parties shall agree upon and file a Joint Claim Construction Statement on August 8, 2014. For any contested claim limitation, each party must submit a proposed construction.[6]

    (c) Plaintiff shall serve and file its opening brief on claim construction on or before September 5, 2014.

    (d) Defendant shall serve and file its answering claim construction brief on or before October 3, 2014.

    (e) Plaintiff shall serve and file its reply brief on or before October 17, 2014.

    (f) Defendant shall serve and file its surreply brief on or before October 31, 2014.

    (g) The court shall conduct a hearing on claim construction on November 21, 2014, at a time to be determined later.[7]

---

[4] The court may also refer ADR to a Special Master.
[5] The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language no so identified will be construed according to its ordinary meaning.
[6] Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

(h) The court shall issue its decision on claim construction on or before January 16, 2015.

(i) The court shall thereafter conduct a status conference on January 29, 2015 at 4:30 p.m., the purpose of which is to discuss the scope of the case (vis-a-vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

6. **Expert Discovery.**

(a) All expert discovery shall be commenced in time to be completed by May 29, 2015.

(b) Expert reports on issues for which the parties have the burden of proof shall be served on or before February 27, 2015. Rebuttal expert reports shall be served on or before April 3, 2015. Supplemental reports (on, *e.g.*, secondary considerations of obviousness) shall be served on or before April 24, 2015.

(c) With respect to time limits for expert depositions, depositions of expert witnesses in each case shall be limited to a maximum of ten hours per expert, unless extended by agreement of the parties, or upon a showing of good cause.

(d) The court shall conduct an in-person status conference on May 5, 2015 at 4:30 p.m. if the parties have any issues regarding expert discovery. No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

---

[7] Unless otherwise directed, the court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware.

7. **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate absent agreement of the parties or order of the court.

8. **Motion Practice.**

(a) All motions to dismiss, to amend, and to transfer (and any discovery motions permitted by a Magistrate Judge) shall be resolved by a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(b) All other motions, including motions to stay and for summary judgment, shall be referred, if at all, on an individualized basis.

(c) All summary judgment motions shall be served and filed on or before July 1, 2015. Absent order of the court, no summary judgment motion may be filed earlier than said date, and no such motion may be filed in the absence of a jury demand.

(1) Opening briefs on infringement and invalidity shall be served and filed on July 1, 2015.

(2) Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on July 29, 2015.

  (3) **Where cross-motions are presented:**

    (i) Combined answering-reply briefs on infringement and invalidity in response to the briefs filed pursuant to (2) above shall be served and filed on August 26, 2015.

    (ii) Reply briefs on noninfringement and validity shall be served and filed on September 9, 2015.

  (4) **Where cross-motions are not presented:**

    (i) Answering briefs on infringement and invalidity shall be served and filed on July 29, 2015. Answering briefs on noninfringement and validity shall be served and filed on August 26, 2015.

    (ii) Reply briefs on infringement and invalidity shall be served and filed on August 12, 2015. Reply briefs on noninfringement and validity shall be served and filed on or before September 9, 2015.

  (5) The court shall hear oral argument on said motion(s) on October 2, 2015.

9. **Communications with the Court.**

  (a) Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion.

  (b) No telephone calls shall be made to chambers.

  (c) Any party with an emergency matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the court's website and e-mail the completed forms to

slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

(d) To be considered timely filed, all papers shall be electronically filed on or before 8:00 p.m. Eastern Time.

10. **Motions in Limine.** No motions in limine shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

11. **Pretrial Conference.** A pretrial conference shall be held on December 16, 2015. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

12. **Trial.** This matter is scheduled for a series of jury trials commencing on January 11, 2016. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.

_____
United States District Judge

| | |
|---|---|
| Timothy Devlin<br>FARNEY DANIELS PC<br>1220 North Market Street, Suite 850<br>Wilmington, DE 19806<br>tdevlin@farneydaniels.com<br><br>*Attorneys for Plaintiff Cloud Satchel LLC*<br><br>Anthony Beasley<br>Scott Sorenson<br>David Swenson<br>FARNEY DANIELS PC<br>Butler Square<br>100 North 6th Street, Suite 445A<br>Minneapolis, MN 55403<br>tbeasley@farneydaniels.com<br>ssorenson@farneydaniels.com<br>dswenson@farneydaniels.com<br><br>*Of Counsel*:<br><br>Gregory S. Gewirtz<br>Alexander Solo<br>LERNER, DAVID, LITTENBERG,<br>　KRUMHOLZ & MENTLIK, LLP<br>600 South Avenue West<br>Westfield, NJ 07090-1497<br>(908) 654-5000<br>GGewirtz@ldlkm.com<br>ASolo@ldlkm.com<br><br>*Attorneys for Defendant Sony Electronics Inc.* | STAMOULIS & WEINBLATT LLC<br><br>By: */s/ Stamatios Stamoulis*<br>　　Stamatios Stamoulis (#4606)<br>　　Richard C. Weinblatt<br>　　Two Fox Point Centre<br>　　6 Denny Road, Suite 307<br>　　Wilmington, DE 19809<br>　　stamoulis@swdelaw.com<br>　　weinblatt@swdelaw.com<br><br>*Attorneys for Plaintiff Cloud Satchel LLC*<br><br><br><br>MORRIS JAMES LLP<br><br><br>By: */s/ Kenneth L. Dorsney*<br>　　Kenneth L. Dorsney (#3726)<br>　　300 Delaware Avenue, Ste. 1500<br>　　Wilmington, Delaware 19801<br>　　(302) 888-6800<br>　　kdorsney@morrisjames.com<br><br>*Attorneys for Defendant Sony Electronics Inc.* |

| | |
|---|---|
| *Of Counsel*: | ASHBY & GEDDES |
| Adam K. Mortara<br>Abby M. Mollen<br>Sharon R. Yecies<br>BARTLIT BECK HERMAN<br>  PALENCHAR & SCOTT LLP<br>54 West Hubbard Street, Suite 300<br>Chicago, Illinois 60654<br>(312) 494-4400<br>adam.mortara@bartlit-beck.com<br>abby.mollen@bartlit-beck.com<br>sharon.yecies@bartlit-beck.com<br><br>*Attorneys for Defendant Amazon.com, Inc.* | By: */s/ Lauren E. Maguire*<br>   Steven J. Balick (#2114)<br>   Lauren E. Maguire (#4261)<br>   Andrew C. Mayo (#5207)<br>   500 Delaware Avenue, 8th Floor<br>   P.O. Box 1150<br>   Wilmington, DE 19899<br>   (302) 654-1888<br>   sbalick@ashby-geddes.com<br>   lmaguire@ashby-geddes.com<br>   amayo@ashby-geddes.com<br><br>*Attorneys for Defendant Amazon.com, Inc* |
| *Of Counsel*: | POTTER ANDERSON & CORROON LLP |
| Matthew M. Wolf<br>Ali R. Sharifahmadian<br>John E. Nilsson<br>Seth I. Heller<br>Arnold & Porter LLP<br>555 Twelfth Street, NW<br>Washington, DC 20004-1206<br>(202) 942-5000<br><br>James S. Blackburn<br>Arnold & Porter LLP<br>777 South Figueroa Street, Forty-Fourth Floor<br>Los Angeles, California 90017-5844<br>(213) 243-4000<br><br>*Attorneys for Defendant Barnes & Noble, Inc.* | By: */s/ Philip A. Rovner*<br>   Philip A. Rovner (#3215)<br>   Jonathan A. Choa (#5319)<br>   Hercules Plaza<br>   P.O. Box 951<br>   Wilmington, DE 19899<br>   (302) 984-6000<br>   provner@potteranderson.com<br>   jchoa@potteranderson.com<br><br>*Attorneys for Defendant Barnes & Noble, Inc.* |

Dated: April 17, 2014
1147346

11